## TENNESSEE *v.* VIRGINIA.

ORIGINAL.

No. 11, original. Submitted April 17, 1900.—Decided April 30, 1900.

A decree is entered, ordering the appointment of commissioners to ascertain, re-trace, re-mark and reëstablish the boundary line between the States of Virginia and Tennessee, as established by the decree of this court in *Virginia* v. *Tennessee,* 148 U. S. 503, but without authority to run or establish any other or new line.

On the 16th day of April, 1900, the State of Tennessee, having obtained leave so to do, filed its bill of complaint against the State of Virginia, setting forth the result of the suit of *Virginia* v. *Tennessee,* 148 U. S. 503, establishing the boundary line between the two States; that a subsequent attempt made to have the line run according to the decree in that suit had failed because the power of the court over the original cause had ceased with the expiration of October Term, 1893, *Virginia* v. *Tennessee,* 158 U. S. 267; and asking that the State of Virginia be made a party defendant, and be required to answer the bill, and that, upon the hearing a decree be entered, ordering a re-running of the boundary line as declared in *Virginia* v. *Tennessee,* 148 U. S. 503–528.

On the same 16th day of April, the State of Virginia appeared and filed an answer in which it said that it fully accepted the adjudication of this court in *Virginia* v. *Tennessee,* 148 U. S. 503, that the true boundary line between the two States was the compromise line of 1803, commonly called the diamond line, and believed that that line should be ascertained, re-located and re-marked by suitable and enduring monuments and concurred so far in the prayer of the State of Tennessee that this court should appoint commissioners, residents of neither Tennessee nor Virginia, to perform the work of re-locating, re-tracing and re-marking that compromise line. On the 17th day of the same April the parties entered into the following stipulation:

" It is agreed by the parties to this cause as a basis for decree :

" 1. That the true boundary line between the States of Virginia and Tennessee is the compromise line established by proceedings had by the two States in 1801–1803, which was actually run and located at that time and marked with five chops in the shape of a diamond, and commonly called the diamond line, and running from White Top Mountain to Cumberland Gap.

" 2. That said line has in some parts of it, if not along its entire course, become so far obscured and uncertain as to embarrass the administration of the state and Federal laws and produce confusion as to rights of property and conflict and litigation between the citizens of the two States and to necessitate its ascertainment, re-running and re-marking.

" 3. That a decree be passed at once by this court providing for the ascertainment, re-tracing and re-marking of said line.

" 4. That the names W. C. Hodgkins, A. H. Buchanan and J. B. Baylor are suggested and agreed upon as satisfactory commissioners to be appointed by this court to ascertain, re-trace and re-mark said line.

" 5. That the record and opinion of the supreme court of Virginia in the case of *Miller* v. *Wills* shall not be considered as any part of the pleadings in this cause, and need not therefore be printed.

" 6. That whatever costs may be required to be borne by the said States shall be equally borne and divided between them.

" April 17, 1900.

" THE STATE OF TENNESSEE,
" By G. W. PICKLE, *Att'y Gen'l.*
" THE STATE OF VIRGINIA,
" By A. J. MONTAGUE,
" *Attorney General.*"

On the same 17th day of April the cause was submitted to the court by the respective counsel.

*Mr. G. W. Pickle*, Attorney General of the State of Tennessee, for Tennessee.

*Mr. A. J. Montague*, Attorney General of the State of Virginia, for Virginia.

Mr. Chief Justice Fuller announced that the court ordered the following decree to be entered:

This cause coming on to be heard on the original bill filed herein by the State of Tennessee against the State of Virginia, the answer thereto by the State of Virginia, the reply to said answer by the State of Tennessee, and the stipulations filed herein by counsel for the respective parties; and the pleadings and stipulations having been duly considered, and the decree of this court entered on the third day of April, A. D. 1893, at the October term, 1892, in a certain original cause in equity, wherein the State of Virginia was complainant and the State of Tennessee was defendant, and the record of said cause, having been examined:

It is, thereupon, this thirtieth day of April, 1900, ordered, adjudged and decreed that the boundary line established between the States of Virginia and Tennessee by the compact of 1803, between the said States, is the real, certain and true boundary between the said States, which boundary line was actually run and located under proceedings had by the two States in 1801–1803, was then marked with five chops in the shape of a diamond, was commonly known as the diamond line, and ran from White Top Mountain to Cumberland Gap.

And it appearing further to the court that the said boundary line has become so far obscured by lapse of time or loss of monuments as to justify and necessitate its reëstablishment and remarking under the direction of this court, it is, therefore, further ordered, adjudged and decreed that William C. Hodgkins of the State of Massachusetts; James B. Baylor of the State of Virginia; and Andrew H. Buchanan of the State of Tennessee be and they are hereby appointed commissioners to ascertain, retrace, re-mark and reëstablish said boundary line, but without authority to run or establish any other or new line.

And it is further ordered that before entering upon the discharge of their duties, each of the said commissioners shall be duly sworn to perform faithfully, impartially, without prejudice or bias, the duties herein imposed, said oath to be taken before the clerk of this court, or before either of the clerks of the Circuit Court of the United States for the States of Massachusetts,

Virginia or Tennessee, and returned with their report; that said commissioners may arrange for their organization, their meetings, and the particular manner of the performance of their duties; and are authorized to adopt all ordinary and legitimate methods for the ascertainment of the true location of said boundary line, including the taking of evidence; but in the event evidence is taken, the parties shall be notified and permitted to be present and examine and cross-examine the witnesses, and the rules of law as to admissibility and competency shall be observed; and all evidence taken by the commissioners, and all exceptions thereto, and action thereon, shall be preserved and certified, and returned with their report.

And when the true location of said boundary line is ascertained, said commissioners shall cause such marks and monuments of a durable nature to be so placed on and along said line as to perpetuate it, and enable the citizens of each State, and others, to find it with reasonable diligence.

It is further ordered that the clerk of this court at once forward to the chief magistrate of each of said states, and to each of the commissioners designated by this decree, a copy of the decree duly authenticated, and that the commissioners proceed with all convenient speed to discharge their duty in ascertaining, retracing, re-marking and reëstablishing said line, as herein directed, and make their report thereof and of their proceedings in the premises to this court, on or before the first day of the next term thereof, together with a complete bill of costs and charges annexed.

And it is further ordered that, should vacancies occur in said board of commissioners, while the court is not in session, the Chief Justice is hereby authorized and empowered to appoint other commissioners, to supply the same, and he is authorized to act on such information in the premises as may be satisfactory to himself.

It is further ordered that all costs of this proceeding, including remuneration not exceeding ten dollars per day for each commissioner, and the other costs incident to the ascertaining, re-tracing, re-marking and reëstablishing said line, shall be paid by the States of Tennessee and Virginia equally.

*Ordered accordingly.*